PACIFIC TRADING CO. ET AL. v. UNITED STATES

No. 6133.—Invoices dated Tokyo, Japan, February 7, 1936, etc.
Certified February 7, 1936, etc.
Entered at San Francisco, Calif., February 28, 1936, etc
Entry No. 9140, etc.

Third Division, Appellate Term

(Decided April 24, 1945)

*Lawrence & Tuttle* for the appellants.
*Paul P. Rao,* Assistant Attorney General, for the appellee.

Before CLINE, KEEFE, and EKWALL, Judges

CLINE, Judge: This is an application for review of the decision of the trial court in *Mutual Supply Co. et al.* v. *United States*, 10 Cust. Ct. 547, Reap. Dec. 5815, insofar as the 13 appeals here involved were dismissed because the appraisements were null and void *ab initio* since the provisions of section 499 of the Tariff Act of 1930 with respect to designation by the collector and examination by the appraiser were not complied with and since the appraisements were completed prior to the effective date of the Customs Administrative Act of 1938. A motion for a rehearing was denied (10 Cust. Ct. 591, Reap. Dec. 5849).

Error is assigned, among other things, for the failure to reappraise the merchandise and find a dutiable value as required by section 501 of the Tariff Act of 1930, as amended by section 16 (b) of the Customs Administrative Act of 1938. It is also claimed that the trial court erred in denying appellants' petition for a rehearing. We find no error in that regard.

After the decision of this Division in *North American Mercantile Co.* v. *United States*, Reap. Dec. 6072, this case was submitted without briefs or oral argument and without placing it upon the calendar.

In *North American Mercantile Co.* v. *United States*, *supra*, and *United States* v. *William J. Oberle, Inc.*, Reap. Dec. 6062, we held that the Customs Administrative Act of 1938 was not retroactive and that, as to appraisements completed before the effective date of that

act, the court had no power to reappraise the merchandise where the appraisements were void. The appraisements here were all made prior to July 25, 1938 (the effective date of the Customs Administrative Act of 1938), and the testimony shows that less than one out of every ten packages were examined, contrary to the requirements of section 499 of the Tariff Act of 1930.

On the authority of the decisions above cited, we hold that the appraisements were invalid and void and that the court has no power to find value.

The decision and judgment below are affirmed.

Judgment will be rendered accordingly.